UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| RONALD S. FEDERICI ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:10-CV-01418-GBL-TRJ |
| ) | |
| MONICA PIGNOTTI, *et al.* ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS ADVOCATES FOR CHILDREN
IN THERAPY, INC., LARRY SARNER AND LINDA ROSA'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
FOR INSUFFICIENT SERVICE AND LACK OF PERSONAL JURISDICTION**

The Defendants, Advocates for Children in Therapy Inc. ("ACT"), Larry Sarner and Linda Rosa by counsel file this Reply to Plaintiff's Opposition to their Motion to Dismiss.

**SUMMARY**

Defendants Advocates for Children in Therapy, Inc. ("ACT"), Sarner and Rosa have not waived their objections to personal jurisdiction in this case. The General District Court case upon which Plaintiff relies does not create a waiver of that argument for two reasons. First, Larry Sarner and Linda Rosa were not parties to that action and therefore it has no impact on them. Secondly, Plaintiff appealed the judgment by the District Court judge in favor of ACT to the Circuit Court, an action which would nullify the outcome of the District Court and result in a total *de novo* review of all aspects of the case. Furthermore, if Plaintiff's position is that the instant case is a re-filing of his nonsuited appeal of the judgment then he has inappropriately added parties and claims that were not included in the nonsuited action and would not be appropriately included in this action.

1

As there has been no waiver of this argument, Defendants' position that there is no personal jurisdiction over them in this Court is valid and Plaintiff's Opposition has provided no facts to establish even a *prima facie* claim otherwise. Plaintiff's Opposition, as well as his Complaint, fails to allege any specific acts which would establish that a particular party acted within the Commonwealth. Plaintiff's Opposition repeatedly refers to "Defendants" but does not state which, if any, of the moving defendants have committed any alleged acts. Finally, the "effects test" relied upon by Plaintiff in support of his jurisdictional argument in fact favors the Defendants, as they have committed no intentional tort, the forum state is not the focal part of the alleged harm, and Defendants did not expressly aim their allegedly tortious conduct at the forum. Plaintiff's claim to operate "solely" in Virginia and to "only take clients in the Commonwealth of Virginia" are blatantly undermined by his own blog and publicity statements.

## ARGUMENT

### I. There Has Been No Waiver As to Personal Jurisdiction By ACT, Sarner or Rosa.

#### a. Sarner and Rosa were not parties to the General District Court matter cited by Plaintiff in support of his waiver argument.

Plaintiff's argument on this point is but one example of his trend of attributing the actions of "Defendants" to all defendants in this case, or assuming that an action by ACT is attributable personally to Larry Sarner or Linda Rosa (or Charly Miller or "John Doe" for that matter). Larry Sarner and Linda Rosa were not parties to the General District Court Small Claims action cited by Plaintiff in Exhibits C and D to his Opposition, and therefore no ruling made by that Court on jurisdictional issues is binding against Defendants Sarner and Rosa. The Affidavits of Service in Plaintiff's Opposition to ACT, Sarner and Rosas's Motion to Dismiss further demonstrate that only Jean Mercer, Charly Miller and ACT were named Defendants in that action. Larry Sarner was served only as Resident Agent for ACT. *See* Exhibit B to Plaintiff's Opposition to ACT,

Sarner and Rosa's Motion and Exhibit A to Plaintiff's Opposition to Miller's Motion. There has clearly been no waiver then by Defendants Sarner or Rosa on the issue of personal jurisdiction.

### b. The General District Court ruling was annulled when Plaintiff sought a *de novo* appeal.

Although Defendants do not concede that ACT made a general appearance in the General District Court – Small Claims action (rather than simply a special appearance to contest jurisdiction), the outcome of such a hearing cannot act as a waiver in the instant case. Rather, Plaintiff's act of appealing to the Circuit Court effectively nullified any judgment made by the Judge in the General District Court action. As stated clearly in *Lewis*, "An appeal which brings up the entire cause for trial *de novo* in the appellate court operates to annul the [district court's] judgment, in the absence of a statute providing otherwise." *Lewis v. Culpepper County Dept. of Social Services*, 647 S.E.2d 511, 514, 50 Va. App. 160, 166 (Va. Ct. App. 2007). The General District Court matter, which Plaintiff apparently contends is the same suit presently before this Court, was set for a *de novo* trial on September 16, 2010.

In response to Plaintiff perfecting his appeal for a trial *de novo*, on August 23, 2010, Defendant ACT filed a Demurrer arguing for dismissal based on insufficient service and lack of personal jurisdiction. See Exhibit 1 to Reply (Defendant ACT's Demurrer). Before that Demurrer could be heard by the Circuit Court, Plaintiff nonsuited the matter. *See* Exhibit 2 to Reply (Plaintiff's Notice of Nonsuit). As further noted in *Lewis*, "the taking of a nonsuit as to a cause of action not only 'carries down [the] previous rulings and orders in the case' but also 'leaves the situation *as if the suit had never been filed*." *Lewis*, 647 S.E.2d at 514, *citing* 6A Michie's Jurisprudence, Dismissal, Discontinuance and Nonsuit § 30, at 216 (2001) (emphasis in original). Therefore, the "combined effect of the principles applicable to nonsuits and *de novo* appeals is to nullify the entire suit as if it had never existed in either court." *Id*.

3

      **c. Should this case be considered a reinstatement of Plaintiff's nonsuited Circuit Court appeal, Defendants Sarner and Rosa have been improperly added as have Plaintiff's claims for Conspiracy and damages have been significantly increased from the original Small Claims action.**

Plaintiff's argument as to waiver of personal jurisdiction, based on events in the General District Court action, implies that Plaintiff sees the current action as a refilling of his non-suited matter in the Fairfax County Circuit Court.  Such an interpretation presents significant problems for the Plaintiff in that the current action includes new defendants (Sarner, Rosa, Pignotti and John Does 1-10), additional claims (Tortious Interference with Contract Rights, Conspiracy to Injure in Trade, Business and Reputation), and a significantly increased claim for damages ($5,000 compared to $300,000) that were not present in the original Small Claims action that was nonsuited while on appeal.

Under Virginia Code § 8.01-380(A), the action being nonsuited is the action then pending before the court when the nonsuit order was entered. *See Dalloul v. Agbey*, 225 VA 511, 514 (1998).  Virginia courts have held that the amount sued for has just as just as much significance as the nature of the claim because "the amount sued for is just as much a component of an action as the operative facts alleged and the claims made by the plaintiff." *Spear v. Metro. Washington Airports Auth.*, Civil No. 54807, Cir. Ct. of Loudoun Co. (Aug. 12, 2009).

Virginia Code § 8.01-380 provides in relevant part:

> After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court.

*Lewis v. Culpeper Co. Dept. of Soc. Services*, 50 Va. App. 160, 164, 647 S.E.2d 511, 513 (Va. Ct. App. 2007).  Thus, it is clear from the plain meaning of the statute that the re-institution of a previously nonsuited action must be on the same causes of action and against the same parties, in

4

addition to the same damages as discussed above. Significant changes of the essential elements of the nonsuited action will create a completely new case which will not be afforded the statutory protections that a refilled nonsuited action is entitled to. *See Spear*, Civil No. 54807 (holding a $175,000 change in the damages requested created a new case which was not protected by § 8.01-229(E)(3) of the Virginia Code which allows a litigant to recommence his action within 6 months of the nonsuit, regardless of any limitations period which may expire during that time). Given the significant changes between Plaintiff's Small Claims suit and the instant suit filed on November 24, 2010, it is clear that the instant suit cannot qualify as a refilling of the nonsuited matter and therefore there can be no waiver based upon proceedings in that case.

If the instant case is a reinstitution of the previously nonsuited appeal, Defendants Rosa, Sarner and John Does 1-10 have been improperly added to that reinstituted suit and should be dismissed on that basis. Also, Plaintiff's new claims for Tortious Interference with Business Expectancies and Conspiracy should also be dismissed as they were not a part of the original Small Claims suit. Plaintiff should also be limited to his original request for damages, namely $5,000.

**II. There is No Personal Jurisdiction Over Defendants ACT, Sarner and Rosa.**

There has been no waiver of the argument as to personal jurisdiction and there is no personal jurisdiction in this Court over Defendants ACT, Sarner and Rosa. Plaintiff's Opposition does nothing to undermine the position of ACT, Sarner, and Rosa in their Motion to Dismiss and Memorandum in Support of that Motion.

**a. Plaintiff's Complaint and Opposition fails to identify any Actions by ACT within the Commonwealth that support personal jurisdiction over Act.**

Plaintiff's Complaint and Opposition fail to identify any actions by ACT in the Commonwealth that establish personal jurisdiction over ACT. Plaintiff's repeated reliance on

"Defendants" is insufficient to warrant an assertion of personal jurisdiction. As argued in Defendants' Motion, there are no actions identified by Plaintiff, either in his Complaint or in his Opposition that have occurred within the Commonwealth to support a claim for jurisdiction. Plaintiff's reliance on the "effects test" is also misplaced as that test in fact heavily favors the Defendants in this action.

Unable to establish any action taken by ACT within the Commonwealth, Plaintiff can only point to ACT's registration with Network Solutions as a minimum contact with the Commonwealth and a basis for jurisdiction in this case. Such an assertion is misplaced both factually and legally. A more careful reading of Paragraph 21 in the Network Solutions service agreement makes clear that ACT has not submitted itself to the jurisdiction of this Court as related to Plaintiff's claims. The agreement states:

> You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District of Virginia, Alexandria Division for any disputes **between you and Network Solutions** under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to you and Network Solutions).

*See* Exhibit 2 to Plaintiff's Affidavit at 10 ¶ 21 (Network Solutions Service Agreement)(emphasis added). Network Solutions is not a party to this matter and the instant action does not arise out of or in any way relate to Network Solutions' agreement with ACT. In fact, Plaintiff's efforts to keep ACT off the Internet are the reason why ACT currently has no business relationship with Network Solutions and their registration with that entity is merely a relic of the approximately two weeks that ACT worked with Network Solutions in 2008. *See* Exhibit 3 to Reply, Affidavit of Larry Sarner in Support of Reply.

Plaintiff's cited case law on this issue is also not dispositive as it involved a domain name dispute between the parties and thus the registration of the website with Network Solutions was

arguably a relevant issue to the case. The Defendant in that case, "knew they were registering a domain name identical to Plaintiff's name and intended to confuse Internet users…" *Carl v. Bernardjcarl.com*, 2009 WL 3245598, *2 (E.D. Va. 2009)(citations omitted). In light of those claims, the Magistrate Judge held that personal jurisdiction over the defendant in that action was appropriate in that, "paragraph seven of Schedule A to the Service Agreement states that for the adjudication of any domain name disputes brought by a third party, the registrant submits to the personal jurisdiction of this court." *Id.* at *1. The instant case does not in any way involve domain names or the registration of ACT with a particular company. As verified in Mr. Sarner's affidavit, ACT had no business relationship with Network Solutions and unlike the defendant in *Carl*, receives no benefit from Network Solutions' services. Having moved their web-hosting services in 2008 to a company outside of Virginia and received a complete refund from Network Solutions, ACT has sufficiently severed any business ties they may arguably have had with that entity.[1]

    Outside his reliance on the Network Solutions Service Agreement, Plaintiff's Opposition cites to no actions by ACT within the Commonwealth. Again, Plaintiff's bald assertions that, "Defendants have committed intentional torts," Plaintiff Opposition to ACT, Sarner and Rosa's Motion at 9, does not satisfy even a *prima facie* standard with regard to personal jurisdiction. As acknowledged by Plaintiff, minimum contacts must be established as part of the due process analysis, and ACT simply does not have the minimum contacts to satisfy the first prong of that analysis.

---

[1] There is an irony in Plaintiff's citation to the *Carl* matter. Plaintiff himself has created websites similar to Defendant ACT's in an effort confuse Internet users, much like the defendant is alleged to have done in *Carl*. Defendants discussed this issue on Page 3 of their Memorandum in Support of Motion to Dismiss.

### b. Plaintiff's Complaint and Opposition fails to identify any actions by Sarner or Rosa within the Commonwealth that support personal jurisdiction over Sarner or Rosa.

Plaintiff's Complaint fails to attribute a single action within the Commonwealth to Defendants Larry Sarner or Linda Rosa.  Plaintiff's Opposition provides nothing further in support of his allegations against these Defendants.  Rather, he continues to simply assign the actions of "defendants" to all parties presumably, and attribute the actions of ACT, a defendant with its own corporate identity, to all other Defendants and presumably to all users of the ACT website, wherever they may be.  The issue of ACT registration with Network Solutions bears no impact on matters of personal jurisdiction with regard to Larry Sarner and Linda Rosa.  "A corporation is a legal entity separate and distinct from the stockholders or members who compose it.  The whole corporate concept would be meaningless if such were not the case.  Thus, it is also axiomatic that when a corporation causes injury as a result of an unlawful action, it is the corporation that is directly liable for any judgment obtained against it by the injured party." *Dana et al v. Freemason, a Condo. Ass'n. Inc.,* 266 Va. 491, 499, 587 S.E. 2d 548, 553 (2003).

Having failed to challenge Mr. Sarner's and Ms. Rosa's affidavits as to their lack of any minimum contact with the Commonwealth of Virginia, Plaintiff has essentially conceded this point.  There have been no facts put before this Court to demonstrate that Defendants Sarner and Rosa have even a single contact with the Commonwealth so as to support personal jurisdiction.  Plaintiff's inclusion of a Conspiracy count, which also fails to identify any actions taken by persons in the Commonwealth who *may* be a part of this alleged conspiracy, also fails to establish jurisdiction over these Defendants, as discussed in greater detail infra Part c.  To the extent Plaintiff argues that Defendants Sarner and Rosa acted in a conspiracy with ACT itself, no such claim can exist.  "A conspiracy between a corporation and the agents of that corporation

who are acting in the scope of their employment is a legal impossibility." *Mardula v. Sahmshiry, Inc.,* 49 Va. Cir. 55, 58, 1999 WL 370398 *3 (Fairfax, 1999).

### c. Plaintiff's conspiracy allegation fails to establish personal jurisdiction over Defendants ACT, Sarner and Rosa.

Having failed to identify any actions in support of the minimum contacts prong of the due process analysis, Plaintiff falls back on a Conspiracy allegation in his Complaint, again without indicating what actions, if any, were committed by members of the alleged Conspiracy within Virginia. Plaintiff's quotation from *Noble* is accurate in that courts do recognize that, "personal jurisdiction may, in some circumstances, be based upon acts by a co-conspirator." Plaintiff's Opposition to Motion of ACT, Sarner and Rosa at 12, *citing Noble Sec., Inc. v. MIZ Eng'g, Ltd.,* 611 F.Supp. 2d 513, 539 (E.D. Va. 2009). Plaintiff then fails however to identify what actions by any alleged co-conspirator occurred in the forum state. In Plaintiff's cited case, an agent for a named defendant (there were no "John Does") took identifiable actions in the Commonwealth of Virginia which were held attributable to other members of the alleged conspiracy. *Noble*, 611 F. Supp. 2d at 540. There is no analogous conduct in the instant case.

In contrast to *Noble*, Plaintiff has simply conjured up John Doe defendants who may have acted within the jurisdiction and made amorphous allegations that in concert these "defendants" somehow acted within the jurisdiction. What Plaintiff has clearly not done is show that any of defendants knew or should have known about actions of any other alleged co-conspirator within the forum. Again in *Noble*, it was "shown that the Third Party Defendants knew, or should have known, about some of the alleged conspiratorial actions taken by MIZ's counsel." *Id.* at 541.

### d. The application of the "effects test" weighs in favor of Defendants.

Defendants maintain that the *Zippo* analysis cited in their Memorandum in Support of their Motion to Dismiss is the proper standard in the instant case as the entirety of the allegations

9

in Plaintiff's Complaint are based on Internet activity. Plaintiff's reliance though on the "effects test" as stated in *Calder v. Jones* does not support his position on personal jurisdiction however. Application of the "effects test" to the instant suit demonstrates that personal jurisdiction over these Defendants does not comport with due process.

Plaintiff cannot establish any of the elements of the "effects test." There are no particularized allegations, let alone evidence, to support that ACT, Sarner or Rosa committed an intentional tort. As discussed previously, no tortious conduct has been attributed to ACT, Sarner or Rosa. Secondly, it cannot be said that, "the forum is the focal point of the harm." Plaintiff's Opp. at 7. In support of that prong, Plaintiff argues that he "lives in Virginia, is licensed in Virginia, practices in Virginia, and serves Virginia clients," Plaintiff's Opp. at 7, and states in his affidavit that he "only takes clients in the Commonwealth of Virginia." This is simply not true. Plaintiff's online and media presence promotes his interest in treating children, "around the country." *See* Exhibit 4 to Reply at 1, 4 (Ronald Federici's Blog entries, including the statement, "Ronald Federici has started the year by traveling around the country, treating adopted children in their new homes." and "he has treated hundreds of children worldwide"). Plaintiff even asserts himself in the Complaint at ¶ 10 that he is "[internationally] renowned" and his testimonial page lists his work from all over the country at www.drfederici.com/testimonial.htm.

To the extent there is any harm alleged in this case, it cannot be said that Virginia is the focal point as Plaintiff has gone to significant lengths to create a national and international profile for himself. *See* Section V, Reply of Defendants Mercer and Pignotti. Finally, as originally stated in Defendants' Memorandum at 9, Defendants ACT, Sarner and Rosa have directed no conduct, tortious or otherwise at the forum state. Rather, ACT has chosen the Internet to communicate its message specifically because of its availability anywhere in the

world.  Defendants ACT, Sarner and Rosa have not participated in any conduct aimed at any particular forum over another and the ACT's mission cannot be said to have a "focal point" in the Commonwealth of Virginia or any other particular forum.

WHEREFORE, Defendants ACT, Sarner and Rosa respectfully request that this action be dismissed with prejudice based on Plaintiff's failure to properly serve Defendants and due to this Court's lack of personal jurisdiction over ACT, Sarner or Rosa.  Further, these Defendants reserve the right to seek the reasonable attorney fees and costs of this Motion.

/s/
Sarah R. Bagley, Esquire
Virginia Bar Number 74027
Attorney for Defendants ACT, Larry Sarner,
  Linda Rosa
CARR MALONEY P.C.
2000 L Street, N.W., Suite 450
Washington, D.C.  20036
Phone:  (202) 310-5500
Fax:  (202) 310-5555
srb@carrmaloney.com

Date:  January 20, 2011

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th of January 2011, I will electronically file the forgoing Reply to Opposition to Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

>Amy C. Owen, Esquire
>Kristin A. Zech, Esquire
>Cochran & Owen, LLC
>8000 Towers Crescent Drive, Suite 160
>Vienna, Virginia  22182
>aowen@cochranowen.com
>kzech@cochranowen.com
>*Attorneys for Defendants Jean Mercer*
>*and Monica Pignotti*
>
>Domingo J. Rivera, Esquire
>Domingo J. Rivera, Attorney at Law, PLC
>4870 Sadler Road, Suite 300
>Glen Allen, VA 23060
>djr@virginiacourtlawyer.com
>*Attorney for Plaintiff*
>
>/s/
>Sarah R. Bagley, Esquire
>Virginia Bar Number 74027
>Attorney for Defendants ACT, Larry Sarner, and Linda Rosa
>CARR MALONEY P.C.
>2000 L Street, N.W., Suite 450
>Washington, D.C.  20036
>Phone:  (202) 310-5500
>Fax:  (202) 310-5555
>srb@carrmaloney.com